S. LANE TUCKER
United States Attorney

JAMES KLUGMAN
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: james.klugman@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| In the Matter of<br><br>Grand Jury Subpoena 2022R165-001 | Case No. 3:22-mj-00489-KFR<br><br>**FILED UNDER SEAL** |

**AMENDED APPLICATION FOR ORDER PRECLUDING GOOGLE FROM DISCLOSING SEARCH WARRANT**

The United States requests that the Court order Google not to notify any person (including the subscribers and customers of the accounts listed) of the existence of the attached grand jury subpoena for a period of one year.

Google is a provider of an electronic communication service, as defined in 18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2). Pursuant to 18 U.S.C. § 2703, the attached subpoena has issued, which requires Google to disclose certain records and information to the Grand Jury. This Court has authority under 18 U.S.C. § 2705(b) to issue "an order commanding a provider of electronic

communications service or remote computing service to whom a … subpoena … is directed, for such period as the court deems appropriate, not to notify any other person of the existence of the… subpoena". *Id*.

In this case, such an order is appropriate because the subpoena relates to the use of an electronic computing service to victimize a young child by at least two perpetrators. Upon information and belief, the perpetrators of these offenses are not currently aware that their criminal activity has been detected by law enforcement. If Google reveals that the grand jury subpoena here has issued, there is reason to believe that notification of the existence of the attached search warrant could seriously jeopardize the investigation or unduly delay a trial, including by giving targets an opportunity to flee or continue flight from prosecution, change patterns of behavior, intimidate potential witnesses, or endanger the life or physical safety of an individual. See 18 U.S.C. § 2705(b). Moreover, because a significant amount of the evidence in this investigation is stored electronically and is not currently in law enforcement possession, if alerted to the existence of the search warrant, the subjects under investigation could destroy or tamper with that evidence, including information saved to their personal computers. See 18 U.S.C. § 2705(b)(3).

Moreover, this investigation remains in its preliminary stages: the government has not definitively determined the real identities of the perpetrators (a process the attached subpoena is intended to facilitate. Prematurely alerting them to the investigation before the government can make adequate arrangements to seize incriminating evidence and/or their person could delay prosecution or render it impossible. For these reasons, a one-year period of nondisclosure is appropriate.

3:22-mj-00489-KFR

Accordingly, the United States respectfully requests that the Court grant the attached Order directing Google not to disclose the existence or content of the attached subpoena for a period of one year, except that Google may disclose the attached subpoena to an attorney for Google for the purpose of receiving legal advice.

The United States further requests that the Court order that this application and any resulting order be sealed until further order of the Court. As explained above, these documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation.

RESPECTFULLY SUBMITTED November 10, 2022 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s James Klugman
JAMES KLUGMAN
Assistant United States Attorney
United States of America